

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00414-CR

GARY LEAMON TAYLOR A/K/A                 APPELLANT
GARY L. TAYLOR

V.

THE STATE OF TEXAS                             STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR13519

----------

## MEMORANDUM OPINION[1]

----------

In one issue, Appellant Gary Leamon Taylor appeals his conviction for theft in an amount less than $2,500. *See* Tex. Penal Code Ann. § 31.03 (West Supp. 2017). We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

In July 2016, Appellant was charged with removing a theft-detection device from a chainsaw and stealing it from Wal-Mart. *See id.* § 31.03(f)(5)(B). The charge was enhanced to a second-degree felony because of a prior felony conviction. *See id.* § 12.42(a) (West Supp. 2017). On Monday, December 11, 2017, Appellant pleaded guilty and requested that a jury assess his punishment. On the same day, a jury was selected and seated. When the trial court adjourned for the day, it instructed the jury to return on the following Thursday at 8:30 a.m. to begin hearing evidence.

When the trial court reconvened on Thursday morning, one juror did not appear. The trial court began the proceedings that day with the following statement on the record:

> In this cause, . . . the Court has determined that the juror who's listed number seven on this list of the jury panel list . . . is disabled, and that that disability is one that is related to her mental condition or emotional state arising out of the death of her mother as it was conveyed to this Court. The Court has, accordingly, determined that she is disabled from serving on this jury because of that mental and emotional state, and in accordance with the Code of Criminal Procedure Article 36.29(a), the Court has discharged that juror, and this case will proceed to trial before the remaining 11 jurors.

Appellant's counsel's objection and motion for mistrial were overruled. After hearing the evidence, the jury found the enhancement paragraph to be true and sentenced Appellant to 15 years' incarceration.

Appellant argues that the trial court was not permitted to proceed to trial with eleven jurors. Appellant is incorrect. Article 36.29 provides: "[A]fter the trial of any felony case begins and a juror dies or, as determined by the judge, becomes

2

disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict." Tex. Code Crim. Proc. Ann. art. 36.29(a) (West Supp. 2017).

Appellant does not take issue with the trial court's determination that juror number seven was disabled. Instead, Appellant relies upon the decision of the court of criminal appeals in *Hill v. State*, 90 S.W.3d 308, 315 (Tex. Crim. App. 2002), as support for his argument that the trial court could not proceed with eleven jurors. The decision in *Hill* supports no such proposition. To the contrary, in *Hill*, the court of criminal appeals interpreted article 36.29(a) as not only authorizing the trial court to continue with eleven jurors in the event one is disabled, but as *requiring* the trial court to do so.[2] *Id.*

In light of article 36.29(a) and the *Hill* decision, we overrule Appellant's sole issue and affirm the trial court's judgment.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL: SUDDERTH, C.J.; MEIER and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 2, 2018

---

[2]*See* Tex. Disciplinary Rules Prof'l Conduct R. 3.03(a)(1) (providing that "[a] lawyer shall not knowingly . . . make a false statement of . . . law to a tribunal"), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A, art. X, § 9 (West 2013).